***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 22, vacated and remanded July 12, 2023

In the Matter of the Marriage of

Qudsia N. AHMAD,
*Petitioner-Respondent,*
*and*

Nauman M. KHAKWANI,
*Respondent-Appellant,*
*and*

Abdullah KHAKWANI,
*Third-Party Respondent below.*

Multnomah County Circuit Court
15DR13949; A176223

Susan M. Svetkey, Judge.

Collin Clark McKean argued the cause for appellant. Also on the brief was McKean Smith.

Robert T. Scherzer waived appearance for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Vacated and remanded.

**JOYCE, J.**

Father appeals from a supplemental judgment that denied father's motion to terminate child support and ordered father to post a travel bond in the event that his minor child was to visit him in Pakistan, where father now resides. The court also denied father's motion for an order of default against one of his children. Father raises five assignments of error. Mother has not appeared on appeal. We affirm the portion of the judgment imposing a travel bond but we vacate the portions of the judgment imposing child support and denying father's motion for an order of default, and we remand for further proceedings.

*Denial of Motion to Terminate Child Support/ Enforce Settlement Agreement*: In three assignments of error, father challenges the trial court's denial of father's motion to enforce the parties' supplemental stipulated dissolution judgment. As relevant here, mother and father agreed that mother would have custody of the parties' two minor children, AB and ABD. They also agreed that father would pay mother child support (both for the minor children and for M, who was a child attending school as defined in ORS 107.108) but that as "conditions of child support," mother agreed that AB would take three community college level calculus classes before his graduation date, which was no later than December 31, 2019. The parties agreed that mother would enroll ABD in a secular public school. If mother failed to satisfy those conditions, the parties agreed that "the result will be the immediate termination of child support."

AB did not complete the agreed upon calculus classes, and mother enrolled ABD in a nonsecular school. Father moved for an order to show cause why, under the terms of the supplemental stipulated judgment, child support should not be terminated. The trial court entered a supplemental judgment that, among other things, denied father's request to terminate child support and ordered father to pay arrearages. Father argues that the trial court was not permitted to order anything other than what the supplemental stipulated judgment provided for, *i.e.*, that if mother did not ensure that the children complied with the specified educational requirements—and there is no dispute

that they did not—child support must be terminated. In so arguing, he relies on ORS 107.104, which provides that it is the policy of the state to encourage settlement of dissolution cases and for courts to enforce such settlements to the "fullest extent possible, except when to do so would violate the law or would clearly contravene public policy." Father argues that the agreement to terminate child support does not violate the law or public policy.

Below, although father made passing reference to that statute, mother did not argue that termination of child support would violate public policy, and the trial court did not clearly address that question. In its findings of fact, the court observed that it retained jurisdiction to determine what is in the children's best interests. It may be that the court was using that phrase as a proxy for public policy, *i.e.*, that it is in the children's best interests to receive child support and it would thus violate public policy to deprive them of that. But that is only one of several ways to read the court's reasoning, and we cannot assume that it engaged in the proper analysis under ORS 107.104. Because it is the dispositive question, we vacate the trial court's judgment and remand for the trial court to determine whether, under ORS 107.104's framework, the agreement to terminate child support upon mother's failure to comply with the educational provisions is consistent with public policy.

*Imposition of Travel Bond*: Mother, in response to father's motion for an order to show cause, asked that father post a bond if ABD visited father in Pakistan, where father had moved. The court imposed a $15,000 travel bond based on its conclusion that mother had reasonable concerns and fears (given father's recent comments) that if ABD traveled to Pakistan, father might not return ABD to mother's custody. Although the supplemental stipulated settlement agreement addressed international travel, it did not impose a travel bond. Father argues that that silence means that the court did not have authority to impose that requirement.

We disagree. When a settlement agreement contains a nonmodification clause, courts are obligated to honor those provisions. *See Matar and Harake*, 353 Or 446, 460, 300 P3d 144 (2013); *see also McInnis and McInnis*, 199

Or App 223, 235, 110 P3d 639, *rev dismissed*, 338 Or 681 (2005) (parties' waiver of their right to seek modification of spousal support "has nothing to do with the authority of the court; rather, it involves only whether the parties may invoke [the court's authority]"). But the parties here did not include a nonmodification clause in their stipulated settlement with respect to requiring an international travel bond.[1] Accordingly, mother remained free to move to modify the supplemental stipulated judgment, and the trial court could impose a travel bond. We also reject father's argument that the trial court impermissibly imposed the bond based on father's religious belief. In imposing the bond, the trial court expressly credited mother's testimony, which included testimony that father had sent abusive texts to mother and had stated that the children "belong to him, that the only way that they can do well and can thrive is if they are with him."

*Denial of Motion for Order of Default*: Father also assigns error to the trial court's denial of his motion for default, taken against AB. During the initial dissolution proceedings, the trial court appointed George Soriano to represent the minor children, ABD and AB. Soriano never filed a motion to withdraw as attorney.

At the time of the current proceeding, AB was no longer a minor. Soriano appeared at the hearing on father's

---

[1] The parties entered two stipulated judgments. In a section labeled "custody/parenting time," the first stipulated judgment gave father full custody with the right to travel internationally as he saw fit and mother was not obligated to pay child support. That stipulation provided that mother waived her right to "modify the custody provisions," and father agreed to waive his rights to modify the "child support provisions." Despite those waivers, mother moved for an order to show cause to change custody to her, which the parties then agreed to in the supplemental stipulated judgment. That stipulated supplemental judgment contains no waiver of modification provisions. It does provide that to the extent that other terms of the first stipulated judgment "remain unaddressed" by the stipulated supplemental judgment, "all such terms remain in full force and effect." To the extent that father is arguing that the first stipulated judgment, which gave him full custody and the right to travel internationally without a bond, prevents mother from seeking a travel bond now, we disagree. The nonmodification provision in the first stipulated agreement was tied to the substance of the agreement, *i.e.*, that mother could not challenge custody, which father had, and father could not challenge child-support, which was related to mother not having the children. The supplemental stipulated judgment fundamentally changed that and put international travel in a stand-alone provision.

motion to terminate support. In his hearing memorandum, Soriano only referenced ABD's position and his recommendation *vis-à-vis* ABD, but Soriano never withdrew as AB's attorney. *See* ORS 9.380 (the attorney-client relationship can be terminated "upon the consent of the attorney filed with the clerk or entered in the appropriate record of the court" or "upon the order of the court, based on the application of the client or the attorney, for good and sufficient cause."). In its supplemental judgment, the trial court noted that Soriano appeared on behalf of both ABD and AB. It then denied father's motion for default against AB, which father filed on the basis that AB had not appeared in the case.

From this record, we cannot discern whether the court found, as a factual matter, that Soriano appeared on behalf of both AB and ABD. *See State v. Jackson*, 296 Or 430, 440, 677 P2d 21 (1984) (declining to attribute an implicit factual finding to a trial court when that court "never made *any* conclusions" regarding that factual issue) (emphasis in original); *State v. Lunacolorado*, 238 Or App 691, 696, 243 P3d 125 (2010) (explaining that appellate courts may presume that a trial court made implicit factual findings when "there is conflicting evidence about a fact that is a necessary predicate to the court's conclusion"). Although the court noted that Soriano appeared on behalf of both AB and ABD, it is not clear whether it did so as a factual finding or merely as a clerical notation based on Soriano's history of having appeared on behalf of both AB and ABD. Because we cannot discern whether the court made a factual finding, we vacate and remand for the trial court to determine on whose behalf Soriano appeared.[2]

Vacated and remanded.

---

[2] We note that even if the court on remand finds that Soriano did not appear for AB, it does not automatically follow that father would be entitled to an order of default against AB. A trial court has discretion, short of defaulting a party, to address the nonappearance of a party.